# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) Mark Brill, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Case No. |
| 1) The Walt Disney Company; | ) |
| 2) Pixar Animation Studios; | ) |
| 3) Michael Wallis; and | ) |
| 4) Michael Wallis, LLC, | ) |
| | ) |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, Defendant, The Walt Disney Company ("**Disney**"), Pixar Animation Studios ("**Pixar**"), Michael Wallis and Michael Wallis, LLC (collectively, the "**Defendants**") file this petition for removal.

## PRELIMINARY STATEMENT

Defendants remove Plaintiff's lawsuit alleging claims related to Disney and Pixar's production and release of the animated movie "*Cars*" in June 2006. Plaintiff joined multiple defendants to his lawsuit to destroy diversity by making the action look like a multi-party invasion of privacy and trademark infringement case. An examination of his *third* amended petition, however, reveals that the Plaintiff's claims are based solely on his irrational belief that Disney and Pixar based "Lightning McQueen," the lead character in *Cars,* on the Plaintiff and the Plaintiff's racing car. When all the irrelevant parties are extracted from the case, what will remain is a dispute as to whether the Plaintiff's likeness was used in the development of the animated character--which is a car, not a person--

named "Lightning McQueen." That dispute should be resolved in the Defendant's favor as a matter of law.

Accordingly, in support of the petition for removal the removing Defendants state the following:

1. On May 21, 2008, Plaintiff commenced an action against Disney, Pixar and Michael Wallis in the District Court of Oklahoma County, by filing a petition for damages. The original petition has been amended three times by the Plaintiff.[1]

2. Disney received service of process of the original petition on June 23, 2008. Disney was the first of the removing defendants to be served.

3. The original notice of removal was filed within 30 days of the first date that Disney was served with a summons and copy of the original petition. Consequently, this notice of removal is timely under 28 U.S.C. §1446 (b).

4. The third amended petition (the "**Petition**") was filed on July 2, 2008 and was served on the Defendants the same day.

5. The United States District Court for the Western District of Oklahoma is the federal court embracing the place where the action is pending. Copies of all process, pleadings, and orders served upon the Defendants, along with a copy of the state court docket sheet are attached as Exhibit 1.

---

[1] Notably, the Plaintiff is only allowed to amend once as a matter of course without leave of court, which Plaintiff never sought from the state court. 12 O.S. § 2015(A).

6.	Based on the information obtained in Petition, Plaintiff was at the time of the commencement of this action and is at the time of the filing of this notice of removal a resident of the State of Oklahoma.

7.	Disney was at the time of the commencement of this action, and is now at the time of filing the notice of removal, a Delaware corporation with its principal place of business in the State of California.

8.	Pixar was at the time of commencement of this action, and is now at the time of filing this notice of removal, a California corporation with its principal place of business in the State of California.

9.	Michael Wallis was at the time of commencement of this action, and is now at the time of filing this notice of removal, an individual residing in Oklahoma.

10.	Michael Wallis, LLC was at the time of commencement of this action, and is now at the time of filing this notice of removal, an Oklahoma limited liability corporation with its principal place of business in the State of Oklahoma.

11.	The Plaintiff seeks Defendants' profits related to the *Cars* movie under 12 O.S. § 1449.  The reported box office receipts for the movie in the United States exceeded $244 million, and this figure does not include the related merchandising specific to Lightning McQueen or movie receipts from outside the United States.  Given the widely publicized success of the *Cars* movie, there is no dispute that the amount in controversy is in excess of $75,000 exclusive of interest and costs.

12. This Court has original jurisdiction over the civil action pursuant to 28 U.S.C. §1332, and the action is one that may be removed to this court pursuant to the provisions of 28 U.S.C. §1441(b), because it is a civil action between citizens of different states in which the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. To the extent that Plaintiff has joined non-diverse defendants, the Defendants assert, based on their investigation to date and the allegations in the Plaintiff's petition, that the non-diverse defendants were fraudulently joined to defeat the removing defendants' removal rights and that there is no possibility of Plaintiff successfully proving his claims against the non-diverse defendants.

I. **THE PETITION MAKES CLEAR THAT PLAINTIFF CANNOT SUCCESSFULLY PROVE HIS CLAIMS AGAINST THE NON-DIVERSE DEFENDANTS.**

13. As the Defendants understand and as the Petition suggests, Plaintiff's entire case rests on a claim that the Defendants based the character of Lightning McQueen, on the Plaintiff and/or the Plaintiff's car.

14. Yet, the Petition is devoid of any facts which support any unlawful activity by defendants Michael Wallis or Michael Wallis, LLC.  The only factual allegations in the Petition specific to either of the non-diverse defendants are: (a) that Mr. Wallis "led the investigation and artistic research of people, places and vehicles in the state of Oklahoma that could be utilized in the making of *Cars*" (Third Am. Pet. ¶ 11); (b) that Mr. Wallis "served as a consultant on the movie *cars* [sic] because of his knowledge of Route 66" (*Id.*); and (c) that Mr. Wallis authored the book *The Art of Cars* (Third Am.

Pet. ¶ 12).   These factual allegations, taken individually or in combination, do not support any of the Plaintiff's causes of action against the non-diverse Defendants.

15.   Indeed, the Petition is particularly notable for the facts it does not allege. The Petition does not allege that any of the Defendants ever met the Plaintiff, or even knew of the Plaintiff's existence prior to the filing of the original petition.  The Petition does not allege that the character Lightning McQueen resembles the Plaintiff.  The Petition does not identify any trademark owned by the Plaintiff.  The Petition does not allege that the Defendants have used the character Lightning McQueen as trademark. The Petition does not allege that the Plaintiff's name, voice, signature, or photograph appears in the movie *Cars*, or in the book *The Art Of Cars*.  Most importantly, the Petition does not provide a single fact that supports the central core of Plaintiff's case, that the Defendants developed and designed Lightning McQueen to resemble the Plaintiff.

16.   The rational explanation for the Petition's complete failure to allege facts that support the Plaintiff's claims against the Defendants in general and the non-diverse defendants in particular is that the Plaintiff, despite having filed no less than three amended petitions, simply cannot provide any evidentiary support for such facts.

A.   THE PETITION ALLEGES NO FACTS THAT SUPPORT A CLAIM THAT DEFENDANT MICHAEL WALLIS IS LIABLE FOR INVASION OF PRIVACY.

17.   The Petition provides no factual basis showing how Mr. Wallis' work as a consultant or as an author "invaded the privacy and intruded upon the seclusion of

5

Plaintiff." In order for Plaintiff to adequately plead a cause of action for invasion of privacy against Mr. Wallis, he must plead facts that show: (a) Mr. Wallis publicized "a matter concerning the private life" of the Plaintiff; (b) that such publicity would be highly offensive to a reasonable person; and (c) that such publicity is not of legitimate concern to the public. *McCormack v. Oklahoma Pub. Co.*, 1980 OK 98, ¶ 9. After amending the Petition three times, Plaintiff has failed to allege any fact or provide any basis for what private subject matter Mr. Wallis has exposed to the public or why that private subject matter would be "highly offensive to a reasonable person."

18. As a result, the Plaintiff has failed to allege sufficient facts to support a claim that Mr. Wallis has invaded the privacy and seclusion of the Plaintiff.

B. THE PETITION ALLEGES NO FACTS THAT SUPPORT A CLAIM THAT DEFENDANT MICHAEL WALLIS IS LIABLE FOR MISAPPROPRIATION OF LIKENESS.

19. The Petition provides no factual basis showing how Mr. Wallis misappropriated the Plaintiff's likeness. Specifically, the Plaintiff has failed to allege any facts that demonstrate that Mr. Wallis *misappropriated*, rather than simply *used*, the Plaintiff's likeness. In Oklahoma, a defendant misappropriates the likeness of another only if the alleged used of the plaintiff's likeness **is for the defendant's own benefit**. Restatement Second of Torts, § 652C, cmt. c. ("[i]t is not enough that the defendant has adopted for himself a name that is the same as that of the plaintiff, so long as he does not pass himself off as the plaintiff or otherwise seek to obtain for himself the values or benefits of the plaintiff's name or identity."); *LeFlore v. Reflections of Tulsa, Inc.*, 1985

OK 72, ¶ 22 (in Oklahoma, misappropriation of likeness follows the formulation provided in the Restatement 2d of Torts). The Petition fails to allege any facts that demonstrate that any of the Defendants, much less Mr. Wallis, sought to pass themselves off as the Plaintiff, "or otherwise seek to obtain the values or benefits" of the Plaintiff's identity. Rather, the Petition merely alleges that Mr. Wallis was but one of hundreds if not thousands of individuals engaged on the production of *Cars*, i.e., there is no allegation that Mr. Wallis served any particular role of significance related to Plaintiff's claim of misappropriation. This is not surprising, as Mr. Wallis played no role in the development of the character of Lightning McQueen, and prior to the filing of the original petition, he had never heard of the Plaintiff, the Plaintiff's car or the Plaintiff's business.

20.   The Plaintiff has failed to allege sufficient facts to support a claim that Mr. Wallis is liable for a claim of misappropriating the Plaintiff's likeness. The actual facts, not alleged in the Petition, clearly demonstrate that Mr. Wallis is not liable for misappropriating the Plaintiff's likeness.

C.   THE PETITION ALLEGES NO FACTS THAT SUPPORT A CLAIM THAT DEFENDANT MICHAEL WALLIS IS LIABLE FOR TRADEMARK INFRINGEMENT OR UNFAIR AND DECEPTIVE TRADE PRACTICES.

21.   The Petition provides no factual basis showing that Mr. Wallis' is liable for trademark infringement or unfair and deceptive trade practices. In Oklahoma, to be liable for trademark infringement or unfair and deceptive trade practices, the Plaintiff must show: (a) that the Plaintiff has prior legal rights to a trademark; and (b) that there is a

likelihood of confusion between the Plaintiff's trademark and the allegedly infringing mark. *Burns v. Real Networks, Inc.*, 359 F.Supp.2d 1187, 1192 (W.D.Okla. 2004).

22.     As to the Plaintiff's claims of trademark infringement and unfair and deceptive trade practices, the Petition is deficient in several ways.  First, the Petition makes no assertion that the Plaintiff owns a valid trademark, or even what that trademark would be.  Admittedly, the Petition does state that the Plaintiff's car is red, and that it has a number 95 on its doors, but that is certainly not enough to constitute a protectable trademark (which is probably why Defendants' investigation revealed the Plaintiff has not registered one).  Moreover, even if the Plaintiff's intention were to claim that the color red when combined with the number 95 constitutes a protectable trade dress, there is no factual allegation that such a trade dress is protectable.  *see Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992) (stating that a trade dress can only be protected if it is inherently distinctive or has acquired a secondary meaning in the marketplace).

23.     Most importantly, however, there is no allegation in the Petition that Mr. Wallis uses any trademark or trade dress that is likely to be confused with a trademark or trade dress owned by the Plaintiff.  The aforementioned allegations, that Mr. Wallis was a consultant on the movie *Cars* and an author of the book *The Art of Cars*, fall far short of the requisite allegation that Mr. Wallis, in his individual capacity, used a trademark or trade dress owned by the Plaintiff. This is not surprising given that his work as a consultant occurred long before the character of Lightning McQueen was developed, and his work as an author occurred long after such events.

8

24.     The Plaintiff has failed to allege sufficient facts to support a claim that Mr. Wallis is liable for trademark infringement or unfair and deceptive trade practices. The actual facts, not alleged in the Petition, clearly demonstrate that Mr. Wallis is not liable for those causes of action.

D.     THE PETITION ALLEGES NO FACTS THAT SUPPORT A CLAIM THAT DEFENDANT MICHAEL WALLIS VIOLATED 12 O.S. § 1449.

25.     There are no facts alleged in the Petition that support Plaintiff's claim that Mr. Wallis is liable under 12 O.S. § 1449. That statute states in part that a person is liable if they "knowingly use[] another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without such person's prior consent." Notably, the Petition does not include any factual allegation that Mr. Wallis used the Plaintiff's "name, voice, signature, photograph or likeness in any manner." Rather, the Petition simply states as a legal conclusion that "Defendants have violated Okla. Stat. tit. 12 § 1449, and are liable for the statutory damages." Third Am. Pet. ¶ 19.

26.     In reality, Defendant Michael Wallis played no role in the development or research of the Lightning McQueen character. Mr. Wallis's consulting was limited solely to providing background information on the history of Route 66. Mr. Wallis made no directorial decisions on the movie, made no production decisions on the movie, and

made no artistic contributions to the movie.[2]  In fact, Mr. Wallis's only contribution to the book *The Art of Cars*, was to provide the text for the book for a flat fee.

27.   The Plaintiff has failed to allege sufficient facts to support a claim that Mr. Wallis is liable for a violation of 12 O.S § 1449.   The actual facts, not alleged in the Petition, clearly demonstrate that Mr. Wallis is not liable under that statute.

E.   THE PETITION MAKES NO FACTUAL ALLEGATIONS RELATED TO DEFENDANT MICHAEL WALLIS, LLC.

28.   The Petition makes no allegations specific to defendant Michael Wallis, LLC, and the Plaintiff's inclusion of Michael Wallis, LLC in this case only further highlights the overall lack of merit in Plaintiff's case.  Michael Wallis, LLC was formed on November 3, 2005, well after the development and creation of the character of Lightning McQueen, and certainly after the other events of which the Plaintiff complains. Thus, the Petition states insufficient facts to supports any claim against defendant Michael Wallis, LLC.

II.   **REMOVAL OF THIS CASE IS JUSTIFIED AND PERMITTED UNDER THE LAW.**

29.   In view of the above and based on all information now available, the removing defendants submit that there is no real controversy between the non-diverse defendants and Plaintiff.   Thus, it appears, the non-diverse parties were joined fraudulently to defeat the removing defendants' removal rights and there is no possibility that the Plaintiff's claims could succeed against the non-diverse defendants.

---

[2] Michael Wallis did act as the voice for the "Sheriff" character in *Cars*.

30. All Defendants who have been served with process consent to the removal of this action.

31. After filing this Notice for Removal, the removing defendants will promptly inform the Plaintiff and any other adverse parties, in writing, of this Notice and will file a copy of this Notice with the Clerk of the District Court of Oklahoma County, thereby effecting the removal pursuant to 28 U.S.C. §1446(d).

Respectfully submitted,

s/ Phillip L. Free Jr.
Mack J. Morgan III , OBA #6397
Phillip L. Free Jr., OBA #15765
Drew T. PalmerOBA # 21317
Attorneys for Defendant The Walt Disney Company; Pixar Animation Studios; Michael Wallis; and Michael Wallis, LLC
CROWE & DUNLEVY
A Professional Corporation
20 North Broadway
Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
phil.free@crowedunlevy.com