**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| Mark Brill, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 5:08-CV-00722-L |
| The Walt Disney Company; Pixar Animation Studios; Michael Wallis; and Michael Wallis, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

Mack J. Morgan III, OBA #6397
Phillip L. Free, Jr., OBA #15765
Drew T. Palmer, OBA #21317
CROWE & DUNLEVY, P.C.
20 North Broadway, Ste. 1800
Oklahoma City, OK 73102
Phone: (405) 235-7700
Fax: (405) 239-6651
phil.free@crowedunlevy.com
mack.morgan@crowedunlevy.com
drew.palmer@crowedunlevy.com

ATTORNEYS FOR DEFENDANTS
THE WALT DISNEY COMPANY,
PIXAR ANIMATION STUDIOS,
MICHAEL WALLIS and
MICHAEL WALLIS, LLC.

## TABLE OF CONTENTS

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT ........................1**

**I. INTRODUCTION ........................................................................................1**

**II. FACTUAL ALLEGATIONS ........................................................................3**

**III. ARGUMENT AND AUTHORITIES .............................................................4**

**A. PLAINTIFF FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY AND INTRUSION UPON HIS SECLUSION BECAUSE HE DOES NOT ALLEGE THAT DEFENDANTS HAVE INTRUDED UPON ANY ASPECT OF HIS PRIVATE LIFE OR DISCLOSED IT IN A MANNER THAT WOULD BE HIGHLY OFFENSIVE TO A REASONABLE PERSON. ..............................5**

**B. PLAINTIFF FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF LIKENESS (A/K/A RIGHT OF PUBLICITY) UNDER STATUTE OR THE COMMON LAW.......................6**

1. PLAINTIFF FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF LIKENESS UNDER 21 O.S. § 839.1 ET. SEQ. ..........................................................................6

(a) Plaintiff has not alleged that Defendants have used his name, portrait or picture. ..........................................................7

(b) Plaintiff has not alleged that Defendants sought to obtain the value or benefits of his identity. ..................................................7

2. PLAINTIFF FAILS TO ALLEGE FACTS TO SUPPORT A PLAUSIBLE CLAIM THAT DEFENDANTS HAVE KNOWINGLY MISAPPROPRIATED HIS LIKENESS UNDER 12 O.S. § 1449. .......................................................................8

(a) Plaintiff has not alleged any facts to support a claim that his likeness has been used. ..........................................................8

(b) Like 21 O.S. § 839.1, 12 O.S. § 1449(B) only applies to people, not their cars. ......................................................................9

(c) Plaintiff has not alleged facts that plausibly support his claim that Defendants knowingly used Plaintiff's (or his car's) likeness.........................................................................................9

3. PLAINTIFF FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF LIKENESS UNDER THE COMMON LAW OF OKLAHOMA. .......................................................10

(a) As previously noted, Plaintiff has not alleged any facts to support a claim that his likeness has been used. ....10

(b) Plaintiff has no common law right of publicity to infringe, because there is no significant commercial value in his identity. ....11

4. USE OF A PERSON'S LIKENESS IN A MOVIE OR BOOK IS NOT ACTIONABLE AS A MISAPPROPRIATION OF LIKENESS OR INFRINGEMENT OF THE RIGHT OF PUBLICITY BECAUSE MOVIES AND BOOKS ARE EXCEPTED USES UNDER THESE THEORIES OF LIABILITY. ....12

**C. PLAINTIFF FAILS TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT ....14**

1. PLAINTIFF HAS NO STATUTORY CLAIM FOR TRADEMARK INFRINGEMENT BECAUSE HE HAS NOT ASSERTED A REGISTERED TRADEMARK. ....14

2. PLAINTIFF FAILS TO STATE A CLAIM FOR COMMON LAW TRADEMARK INFRINGEMENT BECAUSE HE DOES NOT ALLEGE ANY PROTECTABLE TRADEMARK. ....14

(a) Plaintiff does not allege ownership of a trademark. ....14

(b) The number 95 and/or the color red cannot be protected as a trademark for a race without showing secondary meaning. ....15

**D. PLAINTIFF FAILS TO STATE A CLAIM FOR UNFAIR OR DECEPTIVE TRADE PRACTICES ....16**

**E. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR UNJUST ENRICHMENT. ....17**

**F. DEFENDANTS MICHAEL WALLIS AND MICHAEL WALLIS, LLC HAVE BEEN FRAUDULENTLY JOINED TO THIS ACTION AND SHOULD BE DISMISSED. ....18**

**IV. CONCLUSION ....20**

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brunswick Corp. v. Spinit Reel Co.*,
832 F.2d. 513 (10th Cir. 1987)........................................................................ 17

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*,
95 F.3d 959 (10th Cir. 1996)........................................................................ 8, 11

*Cole v. CSC Applied Technologies, LLC*,
2008 WL 2705458, ¶2 (W.D.Okla 2008)................................................................. 5, 6

*Donchez v. Coors Brewing Co.*,
392 F.3d 1211 (10th Cir. 2004)........................................................................ 14

*Fine v. Braniff Airways, Inc.*,
302 F.Supp. 496 (W.D.Okla 1969) ........................................................................ 19

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*,
456 U.S. 844, 851, n. 11 (1982) ........................................................................ 16

*Landham v. Lewis Galoob Toys Inc.*,
227 F.3d 619 (6th Cir. 2000)........................................................................ 11, 12

*Showler v. Harper's Magazine Foundation*,
222 Fed. Appx. 755 (10th Cir. 2007) ........................................................................ 18

*Slover v. Equitable Life Ins. Co.*,
443 F.Supp.2d 1272 (N.D.Okla. 2006) ........................................................................ 18

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
505 U.S. 763 (1992) ........................................................................ 16

*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*,
529 U.S. 205 (2000) ........................................................................ 16

*White v. Samsung Electronics America, Inc.*,
971 F. 2d 1395 (9th Cir. 1992)........................................................................ 8, 9, 10, 11

## STATE CASES

*LeFlore v. Reflections of Tulsa, Inc.*,
708 P.2d 1068 (Okla. 1985) ........................................................................ 7

*Munley v. ISC Financial House, Inc.*,
584 P.2d 1336 (Okla. 1978) ........................................................................ 5

## FEDERAL STATUTES

Lanham Trade-Mark Act, 15 U.S.C.A. § 1125 .......... 15, 17

## STATE STATUTES

12 O.S. § 1449 .......... 2, 4, 6, 8, 9, 10, 20

21 O.S. § 839.1 .......... 2, 6, 7, 8, 9, 20

78 O.S. § 31 .......... 14

78 O.S. § 51 .......... 16

78 O.S. § 53 .......... 17

## OTHER AUTHORITIES

Fed. R. Civ. Proc. 12(b)(6) .......... 1

*McCarthy on Trademarks and Unfair Competition* § 28:6 (4th ed.) .......... 6, 12

*Restatement (Third) of Unfair Competition* § 46 (1995) .......... 12, 13

*Restatement (Third) of Unfair Competition* § 47 (1995) .......... 13

Restatement of Torts 2d § 652B .......... 5

Restatement of Torts 2d § 652C .......... 7

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendants The Walt Disney Company ("**Disney**")[1], Pixar Animation Studios ("**Pixar**"), Michael Wallis, and Michael Wallis, LLC (collectively the "**Defendants**"), pursuant to Fed. R. Civ. Proc. 12(b)(6), move to dismiss this action as it fails to state any valid claim against any of the Defendants.

## I. INTRODUCTION

Lured by the tremendous success of the movie *Cars*, Plaintiff, Mark Brill[2], brought this action in an attempt to obtain an undeserved portion of the profits of the movie. The heart of Plaintiff's case is his contention that the animated character "Lightning McQueen," a make-believe talking car and rookie racing sensation, is based upon Plaintiff or his racecar. Essentially, Plaintiff asserts that because Lightning McQueen is red and numbered 95, as Plaintiff's racecar is red and numbered 95, Plaintiff is entitled to damages. Ignoring the legal insignificance of this purported similarity (which if real is coincidental), Plaintiff asserts a plethora of legal theories--in his Third Amended Petition--in the hope that the continuing vagueness of his pleadings will allow him to find a legal theory that will survive a motion to dismiss. He is mistaken.

Plaintiff claims that Defendants have invaded his privacy and intruded upon his seclusion. Yet, he has not alleged one fact concerning his private life that is revealed in

---

[1] The Walt Disney Company is a publicly traded holding company which did not create the animated character Lightning McQueen or produce or distribute the movie Cars or any Cars related merchandise.

[2] Hereinafter "Brill" or "Plaintiff."

*Cars* and, even if he had, he is silent on how the disclosure of that fact would be highly offensive to a reasonable person.

Plaintiff also claims that his likeness has been misappropriated in violation of Oklahoma's statutory and common law because the Defendants purportedly modeled the animated character "Lightning McQueen" after the Plaintiff or his racecar, but those claims are clearly deficient as a matter of law. Under 21 O.S. § 839.1, Defendants must use Plaintiff's "name, portrait or picture," something Plaintiff has not alleged here. Likewise, under 12 O.S. § 1449, the Plaintiff must provide facts to support plausible claims that Defendants have *knowingly* used his *likeness*, as opposed to that of his car--something Plaintiff has not done and cannot do. He has not alleged and cannot allege that Defendants even knew of him before completing work on the movie. Similarly, Oklahoma common law also requires Plaintiff to show that Defendants have used *his*, not his car's, likeness. Thus, his common law claims fail as well. Finally, even if we assume that Defendants created a character based on Brill (which they did not), use of his likeness *in a movie or book* is not actionable as a misapproporiation of likeness or infringement of the right of publicity.

Plaintiff also asserts claims for trademark infringement under Oklahoma statutory and common law. However, he has not identified--much less asserted ownership of--a trademark, registered or otherwise so he cannot have a sustainable claim for statutory or common law trademark infringement. Moreover, number 95 and the color red could only be protected if he could show "secondary meaning," another essential element of statutory and common law infringement claims he has not alleged and cannot allege.

In addition, the Plaintiff has not plead a single act listed under the Oklahoma Deceptive Trade Practices Act, and he has failed to sufficiently plead any unjust enrichment.

Finally, Plaintiff has fraudulently joined Michael Wallis and Michael Wallis LLC, (an entity which did not even exist when Lightning McQueen was created) in a transparent attempt to defeat diversity without pleading any facts that would give rise to a plausible claim against either of these defendants.

Because the Third Amended Petition fails to provide a sufficient factual basis to show that Mr. Brill has any plausible claim against any of the Defendants, the Defendants respectfully ask the Court to dismiss all claims against them with prejudice. There is no reason that Plaintiff should be given a fifth chance to plead as it is apparent that yet another amendment would be futile.

## II. FACTUAL ALLEGATIONS

Brill alleges that he has been "a pro stock racecar driver in Oklahoma" for the past 13 years and that he owns a red racecar with the number 95 painted on the doors. Third Am. Pet.¶ 9. Brill also alleges that Defendants produced and distributed the movie *Cars*; that *Cars* is based upon historic Route 66, including portions of Oklahoma; that the animated characters in *Cars* are based on real people; and that Mr. Wallis served as a consultant on *Cars* and authored two books, *The Art of Cars* and *Route 66: The Mother Road.* Third Am. Pet.¶¶ 10-11. Plaintiff launches a barrage of theories of liability from these slim factual allegations.

However, to truly appreciate the complete lack of merit in Brill's claims, it is instructive to review what he has not alleged. He has not asserted:

- that his persona has any unique commercial value;
- that his name, voice, signature, or photograph appears in either *Cars* or *The Art Of Cars*;
- that he has registered a trademark, owns a trademark, or has ever used a trademark;
- that any of the Defendants use any particular trademark that Brill owns; or
- that Defendants have derived any significant value from their alleged use of Plaintiff’s identity.

## III. ARGUMENT AND AUTHORITIES

Paragraph 7 of the Third Amended Petition asserts that Plaintiff's action is "rooted in common law invasion of privacy, tort of misappropriation, common law trademark interest, unfair and deceptive trade practices under Oklahoma law and an Oklahoma statutory claim; specifically, 12 O.S. § 1449." Paragraph 16 also appears to assert a claim of statutory trademark infringement and Paragraph 20 asserts a claim for unjust enrichment. These claims can be grouped into five categories of claims:

1. Invasion of Privacy/Intrusion Upon the Seclusion of Another
2. Misappropriation of Likeness (a/k/a Right of Publicity)
3. Trademark Infringement
4. Unfair and Deceptive Trade Practices

5. Unjust Enrichment

As demonstrated below, each of these claims fails as a matter of law.

## A. PLAINTIFF FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY AND INTRUSION UPON HIS SECLUSION BECAUSE HE DOES NOT ALLEGE THAT DEFENDANTS HAVE INTRUDED UPON ANY ASPECT OF HIS PRIVATE LIFE OR DISCLOSED IT IN A MANNER THAT WOULD BE HIGHLY OFFENSIVE TO A REASONABLE PERSON.

To properly state a claim for invasion of privacy and intrusion upon the seclusion of another, Plaintiff must allege facts showing that Defendants have intruded "into a private place" of Plaintiff, or that they have invaded into "a private seclusion that the plaintiff has thrown about his person." Restatement of Torts 2d § 652B, cmt. c; *see also Cole v. CSC Applied Technologies, LLC*, 2008 WL 2705458, ¶2 (W.D.Okla 2008) (J. Leonard) citing ***Munley v. ISC Financial House, Inc.***, 584 P.2d 1336, 1339-40 (Okla. 1978) (adopting the Restatement of Torts 2d § 652B as accurately stating the tort of invasion of privacy and intrusion upon the seclusion of another in Oklahoma).

However, the Third Amended Petition does not contain any allegations about Brill's private life. The only facts alleged about Brill are that he has been a pro stock racecar driver in Oklahoma for the last 13 years, and that he has a red racecar with distinctive graphics and the number 95 on the doors. Each of these facts concern Brill's public life, not his private life. His racecar is raced in public, not private.

Thus, because Brill has not alleged any private aspect of his life that Defendants have intruded upon, Brill's claim for invasion of privacy and intrusion upon seclusion fails as a matter of law. Indeed, even if Brill had alleged some private aspect of his life

that had been disclosed to the public by Defendants, it is impossible to imagine that its unattributed airing (his name and likeness are never mentioned or shown) in Defendants' critically acclaimed, enormously popular and G-rated movie could be deemed to be "highly offensive to a reasonable person." *Cole v. CSC Applied Technologies, LLC*, 2008 WL 2705458, ¶2 (W.D.Okla 2008) (J. Leonard). Plaintiff's claim would fail for this reason as well.

**B. PLAINTIFF FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF LIKENESS (A/K/A RIGHT OF PUBLICITY) UNDER STATUTE OR THE COMMON LAW.**

Plaintiff's claims for misappropriation of likeness under statutory and common law and his statutory right of publicity claim are closely related in that both deal with the use of another's likeness without that person's consent. *McCarthy on Trademarks*, §28.6 (2008). Indeed, the "right of publicity" grew out of the common law invasion of privacy tort of appropriating another's likeness without his permission. *Id.* Due to their common origin, it is not surprising that Oklahoma's statutes dealing with misappropriation of likeness and right of publicity contain strikingly similar language, i.e., each requires the knowing use of another's image for advertising one's products or services without that person's permission. *See* 21 O.S. § 839.1 (titled "Right of Privacy"); 12 O.S. § 1449 (titled "Right of Publicity"). Plaintiff's failure to sufficiently plead these statutory claims and the common law claim will be addressed below.

1. PLAINTIFF FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF LIKENESS UNDER 21 O.S. § 839.1 ET. SEQ.

(a) Plaintiff has not alleged that Defendants have used his name, portrait or picture.

Although Plaintiff has not identified the basis for his statutory misappropriation of likeness claim, 21 O.S. § 839.1 provides:

> Any person, firm or corporation that uses for the purpose of advertising for the sale of any goods, wares or merchandise, or for the solicitation of patronage by any business enterprise, <u>the name, portrait or picture</u> of any person, without having obtained, prior or subsequent to such use, the consent of such person, or, if such person is a minor, the consent of a parent or guardian, and, if such person is deceased, without the consent of the surviving spouse, personal representatives, or that of a majority of the deceased's adult heirs, is guilty of a misdemeanor. (Emphasis added.)

This statute clearly provides a remedy only if Defendants have used the "name, portrait or picture" of a person without having prior consent of the person. That did not happen here, and Brill has not alleged that it did.

(b) Plaintiff has not alleged that Defendants sought to obtain the value or benefits of his identity.

Even if Brill had alleged that Defendants appropriated Plaintiff's likeness by using his name, portrait or picture, Brill's misappropriation claim would still fail because he has not alleged and cannot allege that such appropriation was for the purpose of obtaining "the values or benefits of the plaintiff's name or identity" as the statute requires. Restatement of Torts 2d § 652C, cmt. c.; *see also LeFlore v. Reflections of Tulsa, Inc.*, 708 P.2d 1068 (Okla. 1985), ¶ 22 (in Oklahoma, a statutory claim for misappropriation of likeness under 21 O.S. § 839.1 follows the formulation provided in the Restatement of Torts 2d). (Indeed, Plaintiff does not even try to explain how using the Plaintiff's

likeness would even be beneficial to the Defendants--in fact, the opposite seems far more plausible).

(c) The statute only applies to people, not their cars.

Finally, the mere allegation that a likeness of Plaintiff's car may appear in the movie *Cars*, is insufficient to state a claim under 21 O.S. § 839.1 et. seq. because the plain language of the statute is limited to the “name, portrait or picture of any person.” Such a conservative, common sense reading of the statute would be wholly consistent with cases construing statutory rights of publicity narrowly ***See White v. Samsung Electronics America, Inc.***, 971 F. 2d 1395 (9th Cir. 1992) (finding that a robotic figure dressed as a game show hostess was not a likeness of Vanna White and holding that statutory right of publicity is narrower than common law right of publicity).

In sum, Sections IIIB1(a), 1(b) and 1(c) each provides a separate basis for dismissing Plaintiff's claim under 21 O.S. § 839.1 et. seq.

2. PLAINTIFF FAILS TO ALLEGE FACTS TO SUPPORT A PLAUSIBLE CLAIM THAT DEFENDANTS HAVE KNOWINGLY MISAPPROPRIATED HIS LIKENESS UNDER 12 O.S. § 1449.

To state a valid claim under 12 O.S. § 1449, Plaintiff must allege facts that support the three elements of the claim: (1) Defendants knowingly used Brill's name or likeness, (2) on products, merchandise or goods, (3) without Brill's prior consent. ***Cardtoons, L.C. v. Major League Baseball Players Ass'n***, 95 F.3d 959, 968 (10th Cir. 1996).

(a) Plaintiff has not alleged any facts to support a claim that <u>his likeness</u> has been used.

The Oklahoma right of publicity statute states in part:

> Any **person** who knowingly uses **another's** name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without such person's prior consent, . . . shall be liable for any damages sustained by the person or persons injured as a result thereof. . . .

12 O.S. § 1449(A) (emphasis added). Again, as was the case with 21 O.S. § 839.1, the statute concerns the use of *another person's* name, voice signature, photograph or likeness, not the name, photograph or likeness of another person's *car*. Indeed, the remainder of the statute consistently refers to the "person who is readily identifiable" through the defendant's actions. 12 O.S § 1449 (B). Thus, to state a claim under § 1449 Brill must show that his *personal* likeness has been used, something he has not done and cannot do here.

(b) Like 21 O.S. § 839.1, 12 O.S. § 1449(B) only applies to people, not their cars.

Plaintiff complains about the fact that both Brill's car and the animated character Lightning McQueen both are red and bear the number 95. As was the case with 21 § O.S. sec 839.1, these allegations are insufficient to state a claim infringement of Brill's right of publicity. The statute protects people, not their cars. *See White v. Samsung,* 971 F.2d 1395, 1397 (9th Cir. 1992) (use of a robot is not actionable under right of publicity statute, statute requires use of plaintiff's personal likeness). In this case, it cannot be disputed that Brill's personal likeness has not been used in the movie or promotional materials for the movie.

(c) Plaintiff has not alleged facts that plausibly support his claim that Defendants knowingly used Plaintiff's (or his car's) likeness.

Moreover, even if § 1449 could somehow be read to prohibit the knowing use of Plaintiff's or his car's likeness, Plaintiff still provides no factual support for this claim. Third Am. Pet.¶ 12. Plaintiff does not even allege that Defendants knew of the existence of Brill or had ever even seen or heard of his car prior to creating the character Lightning McQueen. At best, the Third Amended Petition can be read to place Defendants in the state of Oklahoma for their research on Route 66 for the movie *Cars*. It does not allege that Defendants ever met Brill or saw his racecar during this research. It does not even allege that Defendants attended a race of any kind in the state of Oklahoma. Without providing sufficient factual allegations that demonstrate Defendants ***knowingly*** acted to appropriate Brill's likeness, there can be no liability under 12 O.S. § 1449.

In sum, Sections IIIB2(a), 2(b) and 2(c) each provides a separate basis for dismissing Plaintiff's claim under 12 O.S. § 1449.

3. PLAINTIFF FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF LIKENESS UNDER THE COMMON LAW OF OKLAHOMA.

(a) As previously noted, Plaintiff has not alleged any facts to support a claim that <u>his likeness</u> has been used.

In *White v. Samsung*, the court held that the California common law of right of publicity did not require the use of the plaintiff's likeness. Specifically, the court held that the defendant had appropriated Vanna White's "identity" by using a costumed robot that played the role of Vanna White on an imitation of the *Wheel of Fortune* set. However, two of the judges dissented, reasoning that California courts had never found an infringement on the right to publicity without the use of plaintiff's name or likeness.

In *Cardtoons v. MLBPA*, 95 F.3d 959 (10th Cir.1996), a case involving a right of publicity claim under Oklahoma law, the Tenth Circuit held that it rejected the result in *White v. Samsung* for the reasons stated in the two dissents. Thus, under Oklahoma and Tenth Circuit law, infringement of the right of publicity requires use of Plaintiff's *likeness*, not merely the "identity" of Plaintiff.

As noted above in the discussion of the statutory right of publicity claim, Plaintiff has not alleged, and cannot allege, any facts to support a claim that *his* likeness has been used, as opposed to that of his car.

(b) Plaintiff has no common law right of publicity to infringe, because there is no significant commercial value in his identity.

Even if we assume that Plaintiff could somehow make out a claim for misappropriation by finding facts to support his contention that Defendants used his likeness or a likeness of Plaintiff's car--which he cannot--he still could not state a claim under Oklahoma common law because Plaintiff does not possess a common law right of publicity. The common law right of publicity is only vested in those celebrities that have a significant commercial interest in their celebrity identity. *Landham v. Lewis Galoob Toys Inc.*, 227 F.3d 619 (6th Cir. 2000) ("The right of publicity is designed to reserve to a celebrity the personal right to exploit the commercial value of his own identity"); see also *Cardtoons v. MLBPA*, 95 F.3d 959, 975 (10th Cir. 1996) ("publicity rights allow celebrities to enjoy the fruits of their labors").

Here, Plaintiff has not alleged sufficient facts to support a claim that his persona has any significant commercial value. He merely alleges that he "…is a pro stock racecar

driver in Oklahoma" and has been "[f]or the past 13 years." Pet., ¶ 9. Plaintiff does not allege that he has any status as a celebrity, much less the celebrity status required to state a claim. *See Landham v. Lewis Galoob Toys, Inc.*, 227 F.3d at 624. (Sonny Landham, actor in several movies, does not possess celebrity status for a protectable right of publicity). Plaintiff's common law claims for misappropriation of likeness and infringement of his right of publicity should be dismissed.

4. USE OF A PERSON'S LIKENESS IN A MOVIE OR BOOK IS NOT ACTIONABLE AS A MISAPPROPRIATION OF LIKENESS OR INFRINGEMENT OF THE RIGHT OF PUBLICITY BECAUSE MOVIES AND BOOKS ARE EXCEPTED USES UNDER THESE THEORIES OF LIABILITY.

Finally, even if Plaintiff's latest pleading could somehow survive all the glaring deficiencies in his statutory and common law claims set forth above, all of these claims would still fail because not all uses of a person's likeness give rise to claims for liability. In his treatise, McCarthy explains the kinds of unpermitted uses that trigger infringement of the right of publicity and those that do not:

> This means use in advertising, on merchandise or in connection with services. It <u>does not include</u> use of identity in news reporting, commentary, <u>entertainment or works of fiction and nonfiction</u>.

*McCarthy on Trademarks*, §28.6 (emphasis added).

Similarly, the Restatement Third of the Law of Unfair Competition also recognizes this exemption for uses of likeness in connection with entertainment or works of fiction or nonfiction.

> The use of a person's identity in news reporting, commentary, <u>entertainment</u>, or works of fiction or nonfiction is <u>not ordinarily an</u>

> infringement of the right of publicity. *See* cmt c. Use of the person's identity in advertising or promoting such uses is also not actionable.

*Restatement Third, Unfair Competition* § 46, cmt. a (emphasis added). The Restatement further states:

> Use of another's identity in a novel, play, or motion picture is also not ordinarily an infringement. The fact that the publisher or other user seeks or is successful in obtaining a commercial advantage from an otherwise permitted use of another's identity does not render the appropriation actionable.

*Restatement Third, Unfair Competition* § 47, cmt. c (emphasis added).

Thus, even if we assume that Defendants had intentionally used Brill's personal likeness in making the movie *Cars* (ignoring the absurdity of this contention), there still would be no viable claim under right of publicity law. Use of Brill's likeness for a character in a movie is simply not actionable as a violation of any right of publicity he may have. Movies are not the type of advertising use that are addressed by this cause of action. They are an excepted type of use. The comment to the restatement quoted above also makes clear that one may use another's likeness in advertising or promoting such a movie as well.

This principle of common law right of publicity law is embodied in both of the Oklahoma right of publicity statutes. Each of the statutes require that Plaintiff's likeness must be used by the Defendants for the purposes of advertising or selling the Defendants' products. For this reason, all of Plaintiff's claims for misappropriation of likeness or publicity should be dismissed.

## C. PLAINTIFF FAILS TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT

### 1. PLAINTIFF HAS NO STATUTORY CLAIM FOR TRADEMARK INFRINGEMENT BECAUSE HE HAS NOT ASSERTED A REGISTERED TRADEMARK.

Statutory trademark infringement in Oklahoma is governed by 78 O.S. § 31, which provides:

> any person who shall
>
> (a) use, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation **of a trademark registered under this act** in connection with the sale, offering for sale, or advertising of any goods on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods . . . shall be liable to a civil action by the owner of such registered trademark for any or all of the remedies provided in Section 12 hereof . . .

78 O.S. § 31 (emphasis added). Thus, to state a claim for statutory trademark infringement under 78 O.S. § 31, Plaintiff must possess "a trademark registered under this act."[3] Plaintiff has not alleged that he owns a registered trademark. Therefore, Plaintiff has failed to state a claim for statutory trademark infringement.

### 2. PLAINTIFF FAILS TO STATE A CLAIM FOR COMMON LAW TRADEMARK INFRINGEMENT BECAUSE HE DOES NOT ALLEGE ANY PROTECTABLE TRADEMARK.

(a) Plaintiff does not allege ownership of a trademark.

In order to state a claim for trademark infringement under Oklahoma law, Plaintiff must show (1) ownership of a valid trademark and (2) likelihood of consumer confusion. *Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1219 (10th Cir. 2004) ("The elements of

[3] Counsel for Defendants have searched the records of the Oklahoma Secretary of State and did not find any trademarks registered to the Plaintiff.

common law trademark or service mark infringement are similar to those required to prove unfair competition under §43 of the Lanham Trade-Mark Act, 15 U.S.C.A. § 1125. Among other things a plaintiff must establish a protectable interest in its mark, the Defendant's use of that mark in commerce, and the likelihood of consumer confusion."). Here, the Third Amended Petition somehow fails to allege that Plaintiff owns a trademark and fails to identify the trademark Defendants are purportedly infringing with any specificity. Instead, Plaintiff simply and casually asserts that he drives a red racecar bearing distinctive graphics and the number 95 on the doors. Remarkably, he does not identify what he considers to be his trademark, or what mark of Defendants allegedly infringes his supposed trademark rights. It is inconceivable that Plaintiff believes he has stated a claim for trademark infringement when he fails to allege that he owns a trademark, to identify that mark, or to identify the mark used by Defendants that allegedly infringes. Clearly, Plaintiff has not even made a good faith attempt to plead a valid trademark infringement claim.

(b) The number 95 and/or the color red cannot be protected as a trademark for a race without showing secondary meaning.

Even if one assumes Plaintiff is claiming rights in the number 95 and/or the color red, Plaintiff fails to state a claim for common law trademark infringement because he fails to allege that his "trademark" has acquired secondary meaning. Every racecar must have a number, and the number 95 is one of the limited choices available. This is the case for all sports. Plaintiff does not, and cannot, even allege that he has enjoyed exclusive use of the number 95. For example, in 2005 and 2006, Stanton Barrett Jr.

competed in the number 95 car on the NASCAR circuit.[4] Without some period of exclusive use of the number, Plaintiff cannot establish secondary meaning. There are no allegations of exclusive use in the Third Amended Petition.

Likewise, red is the quintessential color for sports cars. As such, it is particularly non-distinctive. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992) (stating that a trade dress can only be protected if it is inherently distinctive or has acquired a secondary meaning in the marketplace). It is fundamental to trademark law that in order to protect color as a trademark, one must first show secondary meaning. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 211 (2000) (citing *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 851, n. 11 (1982)). Secondary meaning occurs when "'in the minds of the public, the primary significance of a mark is to identify the source of the product rather than the product itself.'" *Id.* Here, Plaintiff's alleged mark (whatever it may be) has so little primary meaning to him that he cannot even say what it is after having plead his case no less than four times. So, how can his unknown mark possibly have <u>secondary</u> meaning to the public? This claim should be dismissed accordingly.

**D. PLAINTIFF FAILS TO STATE A CLAIM FOR UNFAIR OR DECEPTIVE TRADE PRACTICES**

The Oklahoma Deceptive Trade Practices Act, 78 O.S. § 51 et. seq. enumerates fourteen (14) specific acts which may constitute deceptive trade practices. Plaintiff has

---

[4] Nascar, *Nascar Car Numbers: Number 95*, http://www.driveraverages.com/nascar_stats/car.php?carno_id=95 (last updated July 18, 2008).

not pled a single one of these. *See* 78 O.S. § 53.

Giving Plaintiff the widest latitude possible in interpreting his claim, only subsections one (1), two (2), three (3) and five (5) deserve mention. Subsections two (2), three (3) and five (5) require that Defendants knowingly make a false representation relating to the source, sponsorship, approval, affiliation, connection or association with another. Plaintiff has not pled that any of the Defendants knowingly took any action, nor has Plaintiff alleged that any of the Defendants made a representation of any kind, much less a false representation.

Subsection one (1) prohibits the passing off of goods as those of another. There is no allegation, nor could there be an allegation, that Defendants have attempted to pass off anything as belonging to Brill (nor, tellingly, is there any explanation as to why they would want to do so). Moreover, passing off as a deceptive trade practice requires the same standard of proof as does an action under § 43(a) of the Lanham Trade-Mark Act. *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d. 513 (10th Cir. 1987). Plaintiff has not alleged the elements of a § 43(a) claim under the Lanham Act and, therefore, has not alleged a claim for passing off under the Oklahoma Deceptive Trade Practices Act. This claim should be dismissed

**E. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR UNJUST ENRICHMENT.**

Under Oklahoma law, a claim for unjust enrichment is stated only where it is contrary to equity and in good conscience for one to retain a benefit which has come to him at the expense of another. *Slover v. Equitable Life Ins. Co.*, 443 F.Supp.2d 1272

(N.D.Okla. 2006). Plaintiff has not claimed that any of the Defendants have been enriched as a result of any of the alleged actions, nor has Plaintiff alleged that any such enrichment came at the expense of Plaintiff, or through any injustice to Plaintiff.

In *Showler v. Harper's Magazine Foundation*, 222 Fed. Appx. 755 (10th Cir. 2007), the court held that Plaintiff did not state a claim for unjust enrichment based upon the photographing and publication of a deceased service man's open casket because there was no evidence that any financial advantage was gained at the expense of the service man's family or as a result of injustice to family members. Here, there is no allegation that Defendants have gained financial advantage by allegedly using a red race car with number 95, as opposed to having used a racecar with a different number or color. Likewise, and, perhaps more importantly there is no allegation that Defendants' use of a red car with the number 95 has been at the expense of Plaintiff, nor could there be one. Indeed, it would appear that Plaintiff has been the one enriched if anyone believes that his car resembles the one in the movie.

In sum, Plaintiff has resorted to an equitable claim of unjust enrichment hoping that this Court will do what Plaintiff has been unable to do -- conjure a set of facts under which he has some viable legal theory. He does not. Plaintiff has failed to state a claim for unjust enrichment and the claim should be dismissed.

**F. DEFENDANTS MICHAEL WALLIS AND MICHAEL WALLIS, LLC HAVE BEEN FRAUDULENTLY JOINED TO THIS ACTION AND SHOULD BE DISMISSED.**

In an attempt to destroy diversity to deprive Disney and Pixar of their right to remove the case to this Court, Plaintiff fraudulently joined two Oklahoma residents who

are wholly unrelated to Plaintiff's claims. The standard for determining whether a defendant should be dismissed under the doctrine of fraudulent joinder was set forth in *Fine v. Braniff Airways, Inc.*:

> "If a cause of action is stated against a non-diverse Defendant, the case should be remanded to state court as there is no fraudulent joinder of said Defendant and diversity is lacking. If no cause of action is stated against the non-diverse Defendant, the removed case should be entertained and eventually the non-diverse Defendant should be eliminated from the suit on his motion to dismiss for failure of the Plaintiff to state a claim against him on which relief may be granted."

302 F.Supp. 496, 497 (W.D.Okla 1969).

Here, the claims against Wallis and Michael Wallis LLC are even more tenuous than the claims against Pixar and Disney. Indeed, there is not one specific factual allegation against Defendant Michael Wallis, LLC. Not one. And that is not surprising since Michael Wallis, LLC did not even come into existence until after the design and development of the Lightning McQueen character which is the factual basis for Plaintiff's claims. The claims against Michael Wallis LLC are clearly frivolous.

Moreover, the allegations that Michael Wallis was a consultant for the movie *Cars*, led the investigation in Oklahoma for the making of the movie, and authored *The Art of Cars* and *Route 66: The Mother Road* would not create liability for him even if Plaintiff's claims were not otherwise deficient because there are no facts alleged that Wallis performed any act related to the publication of the character Lightning McQueen, which is the lynchpin of all Plaintiff's claims.

## IV. <u>CONCLUSION</u>

Even on the fourth try, Plaintiff has not plead a valid claim against Defendants.

1. Plaintiff has made no allegations concerning his private life to support a claim for intrusion upon seclusion.

2. Plaintiff has not asserted a viable claim for misappropriation of likeness under any statute or the common law. Under 21 O.S. § 839.1, Defendants must use Plaintiff's "name, portrait or picture," a fact that is not alleged. Likewise, under 12 O.S. § 1449, he has not provided facts to support plausible claims that Defendants have ***knowingly*** used his ***likeness***. Under common law right of publicity, Plaintiff has not alleged that Defendants have used ***his*** likeness, as opposed to that of his car. Additionally, use of Plaintiff's likeness in movies or in books is not the type of use that gives rise to misappropriation of likeness claims.

3. Plaintiff has not asserted ownership of a registered trademark, and thus has no sustainable claim for statutory trademark infringement, and he has failed to allege that he owns a trademark, which has secondary meaning necessary to support his common law trademark claim.

4. Plaintiff has not plead a single act identified by the Oklahoma Deceptive Trade Practices Act.

5. Plaintiff has failed to sufficiently plead any enrichment by Defendants or that such enrichment was at his expense to state a valid claim for unjust enrichment.

6. Plaintiff has fraudulently joined Michael Wallis and Michael Wallis LLC in an attempt to defeat diversity, and has not plead any facts which would give rise to a plausible claim against either of these defendants even if Plaintiff's claims were not otherwise deficient.

For these reasons, Plaintiff's claims against Defendants should be dismissed in their entirety with prejudice.

Respectfully submitted,

s/Phillip L. Free, Jr.
(*Signed by Phillip L. Free, Jr.*)

Mack J. Morgan, III
Phillip L. Free, Jr.
Drew T. Palmer
CROWE & DUNLEVY, P.C.
20 NORTH BROADWAY, STE. 1800
Oklahoma City, OK 73102
Phone: (405) 235-7700
Fax: (405) 239-6651
phil.free@crowedunlevy.com
mack.morgan@crowedunlevy.com
drew.palmer@crowedunlevy.com

ATTORNEYS FOR DEFENDANTS THE WALT DISNEY COMPANY, PIXAR ANIMATION STUDIOS, MICHAEL WALLIS and MICHAEL WALLIS, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Reggie N. Whitten
Michael Burrage
David Burrage
WHITTEN, BURRAGE, PRIEST,
FULMER, ANDERSON & EISEL
One Leadership Square, Ste. 1350
211 N. Robinson
Oklahoma City, OK 73102
Email: rwhitten@whittenburragelaw.com
mburrage@burragelaw.com
dburrage@burragelaw.com
**Counsel for Mark Brill**

**ATTORNEYS FOR PLAINTIFF**

I hereby certify that on August 4, 2008, I served the attached document by first class U.S. Mail on the following, who is not a registered participant of the ECF Filing System:

Dayne Mayes
1503 Northwest 38th Street
Oklahoma City, OK 73118 C

s/Phillip L. Free, Jr.