Restatement (Second) of Torts § 652B (1977)

Restatement of the Law — Torts
Restatement (Second) of Torts
Current through March 2008

Copyright © 1977-2008 by the American Law Institute

Division 6A. Privacy
Chapter 28A. Invasion Of Privacy

§ 652B. Intrusion Upon Seclusion

Link to Case Citations

**One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.**

**Comment:**

*a.* The form of invasion of privacy covered by this Section does not depend upon any publicity given to the person whose interest is invaded or to his affairs. It consists solely of an intentional interference with his interest in solitude or seclusion, either as to his person or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man.

*b.* The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires. It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents. The intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of the photograph or information outlined.

**Illustrations:**

1. A, a woman, is sick in a hospital with a rare disease that arouses public curiosity. B, a newspaper reporter, calls her on the telephone and asks for an interview, but she refuses to see him. B then goes to the hospital, enters A's room and over her objection takes her photograph. B has invaded A's privacy.

2. A, a private detective seeking evidence for use in a lawsuit, rents a room in a house adjoining B's residence, and for two weeks looks into the windows of B's upstairs bedroom through a telescope taking intimate pictures with a telescopic lens. A has invaded B's privacy.

3. The same facts as in Illustration 2, except that A taps B's telephone wires and installs a recording device to make a record of B's conversations. A has invaded B's privacy.

4. A is seeking evidence for use in a civil action he is bringing against B. He goes to the bank in which B has his personal account, exhibits a forged court order, and demands to be allowed to examine the bank's records of the account. The bank submits to the order and permits him to do so. A has invaded B's privacy.

5. A, a professional photographer, seeking to promote his business, telephones B, a lady of social prominence, every day for a month, insisting that she come to his studio and be photographed. The calls are made at meal times, late at night and at other inconvenient times, and A ignores B's requests to desist. A has invaded B's privacy.

EXHIBIT
tabbies
1

*c.* The defendant is subject to liability under the rule stated in this Section only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs. Thus there is no liability for the examination of a public record concerning the plaintiff, or of documents that the plaintiff is required to keep and make available for public inspection. Nor is there liability for observing him or even taking his photograph while he is walking on the public highway, since he is not then in seclusion, and his appearance is public and open to the public eye. Even in a public place, however, there may be some matters about the plaintiff, such as his underwear or lack of it, that are not exhibited to the public gaze; and there may still be invasion of privacy when there is intrusion upon these matters.

**Illustrations:**

6. A is drunk on the public street. B takes his photograph in that condition. B has not invaded A's privacy.

7. A, a young woman, attends a "Fun House," a public place of amusement where various tricks are played upon visitors. While she is there a concealed jet of compressed air blows her skirts over her head, and reveals her underwear. B takes a photograph of her in that position. B has invaded A's privacy.

*d.* There is likewise no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object. Thus there is no liability for knocking at the plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded.

**Illustration:**

8. A, a landlord, calls upon B, his tenant, at nine o'clock on Sunday morning, to demand payment of the rent, although he knows that B is not ready to pay it and that B objects to such a visit on Sunday. B is seriously annoyed. This is not an invasion of B's privacy.

Case Citations

Reporter's Notes, Case Citations & Cross References Through December 1977

Case Citations 1978 — June 1987

Case Citations July 1987 — June 2001

Case Citations July 2001 — June 2007

Case Citations July 2007 — November 2007

Reporter's Notes, Case Citations & Cross References Through December 1977:

REPORTER'S NOTE

This Section is new.

Comment b: As to physical intrusion, see Dietemann v. Time, Inc., 449 F.2d 245 (9 Cir.1971); Thompson v. City of Jacksonville, 130 So.2d 105 (Fla.App.1961) (search of home without warrant); Byfield v. Candler, 33 Ga.App. 275, 125 S.E. 905 (1924) (breaking into woman's bedroom on a steamboat); Young v. Western & Atlantic R. Co., 39 Ga.App. 761, 148 S.E. 414 (1929) (search of home without a warrant); De May v. Roberts, 46 Mich. 160, 9 N.W. 146 (1881) (intruding upon childbirth); Welsh v. Pritchard, 125 Mont. 517, 241 P.2d 816 (1952) (landlord moving in on tenant); Sutherland v. Kroger Co., 144 W.Va. 673, 110 S.E.2d 716 (1959) (illegal search of woman's shopping bag in a store).

Consent to enter need not be express. See Vespa v. Safety Federal Sav. & Loan Ass'n, 219 Kan. 578, 549 P.2d 878 (1976). In Ford Motor Co. v. Williams, 108 Ga.App. 21, 132 S.E.2d 206 (1963), liability was found when the defendant entered the plaintiff's home, even though no one was there at