McCarthy on Trademarks and Unfair Competition, Fourth Edition
Database updated June 2008

J. Thomas McCarthy

Chapter 28. The Right of Publicity
I. THE RIGHT OF PUBLICITY: ORIGINS AND DEFINITION[FN*]

References

**§ 28:6. Difference between the right of privacy and the right of publicity**

**West's Key Number Digest**

West's Key Number Digest, Trade Regulation 862.1

While there has been much confusion generated by the semantic distinction between "privacy" and "publicity," the courts have now come to recognize that the two rights are clearly separable and rest on quite different legal policies: the right to privacy protects against intrusion upon an individual's private self-esteem and dignity, while the right of publicity protects against commercial loss caused by appropriation of an individual's personality for commercial exploitation.[FN1] The difference turns not upon the type of activity which constitutes the legal wrong, but upon the nature of the plaintiff's right and the kind of injury to that right.

The appropriation type of invasion of privacy, like all privacy rights, centers on damage to human dignity. Damages are usually measured by "mental distress"—some bruising of the human psyche. On the other hand, the right of publicity relates to commercial damage to the business value of human identity. Put simplistically, while infringement of the right of publicity looks to an injury to the pocketbook, an invasion of appropriation privacy looks to an injury to the psyche.

Thus, a certain unpermitted use of a person's identity in sales or advertising can give rise to one, or both, of these rights of publicity and privacy. But while privacy is a personal and mental right, publicity is a commercial and business right.[FN2]

In 1977, the Supreme Court recognized that the right of publicity is "an entirely different tort" than the classic invasion of privacy.[FN3] Other courts agree.

Hence, while this new property right (and its tortious invasion) was born in the "right of privacy" family, it has gradually matured since 1953 into an inde-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 2

pendent legal right with its own distinct characteristics. It is entitled to its own descriptive and distinctive name: the "right of publicity."

In March 1993, the American Law Institute released Tentative Draft No. 4 of the new Restatement of the Law of Unfair Competition. This draft included as §§ 46-49 a Restatement of the law concerning the right of publicity. The final version was released in 1995. The Restatement strongly supports the right of publicity as a full-fledged part of the law of unfair competition. Section 46 of the Restatement declares illegal the use without consent of the commercial value of a person's identity for the "purposes of trade."

The Restatement emphasizes that infringement of the right of publicity is not merely a form of false advertising or false endorsement. This is because proof of falsity, deception or confusion is not required for infringement of the right of publicity.[FN4] Using a person's identity merely to draw attention to a product or advertisement is an infringement.

The Restatement phrases the kind of unpermitted use that triggers infringement as use for "purposes of trade." This means use in advertising, on merchandise or in connection with services. It does not include use of identity in news reporting, commentary, entertainment or works of fiction and nonfiction. Liability could arise in this otherwise exempt category of uses only in the highly unusual situation that the work had nothing to do with the plaintiff and the plaintiff's identity was inserted solely to attract attention to the work.[FN5]

[FN*] For more detailed information on the right of publicity, refer to the author's in-depth treatment in McCarthy, The Rights of Publicity and Privacy, (2d ed. 2003 rev.) kept current by yearly updates and published by West Group. *See also* McCarthy, The Human Persona as Commercial Property: The Right of Publicity, 19 Colum.-VLA J.L. & Arts 129 (1995); J.T. McCarthy and Anderson, Protection of the Athlete's Identity: The Right of Publicity, Endorsements and Domain Names, Marquette Sports L. Rev. 195 (2001).

[FN1] Price v. Hal Roach Studios, Inc., 400 F. Supp. 836, 846 (S.D.N.Y. 1975). *See* Hirsch v. S. C. Johnson & Son, Inc., 90 Wis. 2d 379, 280 N.W.2d 129, 205 U.S.P.Q. 920 (1979) (rights of privacy and publicity are distinct: right of publicity is the right to control the commercial exploitation of aspects of a person's identity); Lugosi v. Universal Pictures, 25 Cal. 3d 813, 160 Cal. Rptr. 323, 603 P.2d 425, 205 U.S.P.Q. 1090 (1979) (dissent); Carson v. Here's Johnny Portable Toilets, Inc., 698 F.2d 831, 218 U.S.P.Q. 1 (6th Cir. 1983) (privacy and publicity rights "protect fundamentally different interests and must be analyzed separately"); State ex rel. Elvis Presley International Memorial Foundation v. Crowell, 733 S.W.2d 89, 2 U.S.P.Q.2d 1663 (Tenn. Ct. App. 1987) ("Now, courts in other jurisdictions uniformly hold that the right of publicity should be considered as a free standing

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

right independent from the right of privacy."); Doe v. TCI Cablevision, 110 S.W.3d 363, 368, 31 Media L. Rep. 2025, 67 U.S.P.Q.2d 1604 (Mo. 2003), cert. denied, 540 U.S. 1106, 124 S. Ct. 1058, 157 L. Ed. 2d 892 (2004) (quoting treatise with approval). McCarthy, The Rights of Publicity and Privacy 2d § 5:63.

[FN2] *See* Post, Rereading Warren & Brandeis: Privacy, Property and Appropriation, 41 Case W. Res. L. Rev. 647, 667 (1991); Restatement Third, Unfair Competition § 46, comment b (1995) ("The distinction between the publicity and privacy actions, however, relates primarily to the nature of the harm suffered by the plaintiff ... .").

[FN3] Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562, 53 L. Ed. 2d 965, 97 S. Ct. 2849, 205 U.S.P.Q. 741 (1977) (also remarking that the right of publicity is a proprietary right with goals "analogous to the goals of patent and copyright law ... and having little to do with protecting feelings or reputation").

[FN4] Restatement Third, Unfair Competition § 46, comment b (1995) ("Proof of deception or consumer confusion is not required for the imposition of liability under this Section."); Restatement Third, Unfair Competition § 47, comment a ("Proof that prospective purchasers are likely to believe that the identified person endorses or sponsors the user's goods or services is not required for the imposition of liability."). *See* cases cited at § 28:14.

[FN5] Restatement Third, Unfair Competition § 47, comment c. *See* McCarthy, The Rights of Publicity and Privacy 2d § 8:59.

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

MCCARTHY § 28:6

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.