C

Restatement (Third) of Unfair Competition
Current through March 2008

Copyright © 1995-2008 by the American Law Institute

Chapter 4. Appropriation Of Trade Values
Topic 3. Right Of Publicity

§ 46. Appropriation Of The Commercial Value Of A Person's Identity: The Right Of Publicity

Link to Case Citations

**One who appropriates the commercial value of a person's identity by using without consent the person's name, likeness, or other indicia of identity for purposes of trade is subject to liability for the relief appropriate under the rules stated in §§ 48 and 49.**

**Comment:**

*a. Scope.* This Topic addresses the common law and statutory rules that protect the commercial value of a person's identity. The appropriation of another's identity for purposes of trade can result in injury to both commercial and personal interests. This Restatement deals with rules affording relief against unfair methods of competition, and the rules stated in this Topic are therefore limited to the redress of commercial injuries. The interest protected by these rules is often described as the "right of publicity." Relief is also generally available under the law of torts for injuries to personal interests caused by the unauthorized commercial use of another's identity. The protection of these personal interests is often described as an aspect of the "right of privacy." See Comment b. Although not directly applicable, the rules stated here may be useful by analogy in evaluating claims under the right of privacy arising from an unauthorized commercial exploitation of a person's identity.

*b. Relation to other rules.* The principal historical antecedent of the right of publicity is the right of privacy. In 1902, the New York Court of Appeals in Roberson v. Rochester Folding Box Co., 171 N.Y. 538, 64 N.E. 442 (1902), rejected a claim for emotional distress resulting from the unauthorized use of the plaintiff's photograph in an advertisement. The following year the New York legislature enacted a statute imposing criminal and civil liability for unauthorized use of a person's name, portrait, or picture for "advertising purposes or for the purposes of trade." In 1905, the Supreme Court of Georgia in Pavesich v. New England Life Insurance Co., 122 Ga. 190, 50 S.E. 68 (1905), upheld a complaint against similar conduct at common law, relying on a noted article by Samuel Warren and Louis Brandeis entitled The Right of Privacy, 4 Harv.L.Rev. 193 (1890).

As described in an influential article by William Prosser, Privacy, 48 Calif.L.Rev. 383 (1960), the right of privacy came to be viewed as a complex of four torts, embracing unreasonable intrusions upon another's seclusion, public disclosure of private facts, publicity placing another in a false light, and the appropriation for the defendant's advantage of the plaintiff's name or likeness. Prosser's analysis was subsequently incorporated into the Restatement, Second, of Torts §§ 652A-652I (1977), which includes a rule imposing liability for an invasion of privacy against "[o]ne who appropriates to his own use or benefit the name or likeness of another." Id. § 652C.

The "appropriation" tort as described by Prosser and the Restatement, Second, of Torts subsumes harm to both

Copyright © 1991 by The American Law Institute

EXHIBIT
tabbles
4