REST 3d UNCOM § 47
Restatement (Third) of Unfair Competition § 47 (1995)

Restatement (Third) of Unfair Competition
Current through March 2008

Copyright © 1995-2008 by the American Law Institute

Chapter 4. Appropriation Of Trade Values
Topic 3. Right Of Publicity

§ 47. Use For Purposes Of Trade

Link to Case Citations

**The name, likeness, and other indicia of a person's identity are used "for purposes of trade" under the rule stated in § 46 if they are used in advertising the user's goods or services, or are placed on merchandise marketed by the user, or are used in connection with services rendered by the user. However, use "for purposes of trade" does not ordinarily include the use of a person's identity in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.**

**Comment:**

*a. Use in advertising.* The use of a person's identity for the purpose of advertising goods or services marketed by the user is a use "for purposes of trade" under the rule stated in § 46. The interest of a seller in attracting attention to a commercial solicitation is not sufficient to overcome the personal and economic interests protected by the right of publicity. Proof that prospective purchasers are likely to believe that the identified person endorses or sponsors the user's goods or services is not required for the imposition of liability. Thus, the unauthorized use of another's name or likeness in newspaper or magazine advertisements, in television or radio commercials, or in other solicitations of prospective purchasers will ordinarily subject the user to liability for infringement of the other's right of publicity. Appropriation of another's identity for use as a trademark or trade name is similarly actionable. Unauthorized use of a person's identity in solicitations for contributions or memberships by nonprofit entities such as charitable, educational, governmental, fraternal, and religious organizations also constitutes a use for purposes of trade.

In some circumstances the use of another's identity in advertising may not be actionable because of consent or other privilege. See § 46, Comment f. For example, use of a person's name or likeness for the purpose of identifying that person as the author or creator of the advertised goods is ordinarily permissible. Thus, a bookstore may include in its advertising the name and photograph of the author of an advertised book, and a movie theater may display the names and photographs of the actors appearing in the advertised motion picture. Use of another's name for the purpose of responding to statements made by that person about the user or the user's goods or services is also permissible.

The use of a person's identity in news reporting, commentary, entertainment, or works of fiction or nonfiction is not ordinarily an infringement of the right of publicity. See Comment c. Use of the person's identity in advertising or promoting such uses is also not actionable. Thus, the use of a celebrity's name or photograph in an advertisement for a biography of the celebrity or for a magazine containing an article about the celebrity will not subject the advertiser to liability for infringement of the celebrity's right of publicity. The rule allowing use of a person's identity to advertise a permissible use of the identity has been extended beyond advertisements for the particular work or issue in which the identity is used to general advertising for the medium in which the use appears. A magazine soliciting subscriptions, for example, may refer to a past article about a particular celebrity as an illustration of the magazine's customary content. Use of another's identity in a manner that falsely suggests an endorsement by the identified person, however, will subject the user to liability for

EXHIBIT
tabbies
5

deceptive marketing under the rule stated in § 4.

**Illustrations:**

1. A is an actress. B, a pharmaceutical company, publishes without consent an advertisement containing a photograph showing A as she appeared in one of her motion pictures, with simulated dialogue discussing one of B's products. B is subject to liability to A for infringement of A's right of publicity under the rule stated in § 46.

2. A is a former child actor. B operates a tavern under a trade name identical to the nickname of A, without A's consent. A recognizable likeness of A appears on a sign outside the tavern and on merchandise and accessories used on the premises. B is subject to liability to A for infringement of A's right of publicity under the rule stated in § 46.

3. A, the conductor of a renowned symphony orchestra, is the subject of a biography published by B, a publishing company. B announces publication of the book with an advertisement that contains A's name and photograph. B has not infringed A's right of publicity.

*b. Use on merchandise.* The sale of merchandise bearing a person's name or likeness ordinarily constitutes a use of the identity for purposes of trade under the rule stated in § 46. An unauthorized appropriation of another's name or likeness for use on posters, buttons, or other memorabilia is thus ordinarily actionable as an infringement of the right of publicity. Attempts to defend the sale of such merchandise on first amendment grounds through analogies to the marketing of books, magazines, and other traditional media of communication (see Comment c) have typically been rejected. In some circumstances, however, the informational content of the particular merchandise or its utility to purchasers as a means of expression may justify the conclusion that the use is protected under the first amendment. A candidate for public office, for example, cannot invoke the right of publicity to prohibit the distribution of posters or buttons bearing the candidate's name or likeness, whether used to signify support or opposition.

**Illustration:**

4. A is a well-known musician. B, a marketer of novelty items, sells posters depicting A performing at a recent concert. The posters were created from a photograph obtained by B from a news magazine. B does not have A's consent to market the posters. B is subject to liability to A for infringement of A's right of publicity under the rule stated in § 46.

*c. Use in news, entertainment, and creative works.* The right of publicity as recognized by statute and common law is fundamentally constrained by the public and constitutional interest in freedom of expression. The use of a person's identity primarily for the purpose of communicating information or expressing ideas is not generally actionable as a violation of the person's right of publicity. The scope of the activities embraced within this limitation on the right of publicity has been broadly construed. Thus, the use of a person's name or likeness in news reporting, whether in newspapers, magazines, or broadcast news, does not infringe the right of publicity. The interest in freedom of expression also extends to use in entertainment and other creative works, including both fiction and nonfiction. The use of a celebrity's name or photograph as part of an article published in a fan magazine or in a feature story broadcast on an entertainment program, for example, will not infringe the celebrity's right of publicity. Similarly, the right of publicity is not infringed by the dissemination of an unauthorized print or broadcast biography. Use of another's identity in a novel, play, or motion picture is also not ordinarily an infringement. The fact that the publisher or other user seeks or is successful in obtaining a commercial advantage from an otherwise permitted use of another's identity does not render the appropriation actionable. However, if the name or likeness is used solely to attract attention to a work that is not related to the identified person, the user may be subject to liability for a use of the other's identity in advertising. See Comment a. Similarly, if a photograph of the plaintiff is included in the defendant's publication merely for the purpose of appropriating the plaintiff's commercial value as a model rather than as part of a news or other communicative use, the defendant may be subject to liability for a merchandising use of the plaintiff's identity. See Comment b.

Some cases indicate that the right to use another's identity in news reports and similar works may be forfeited if the work contains substantial falsifications. Such cases, however, are more appropriately regarded as actions for defamation or for invasion of privacy by placing the plaintiff in a false light rather than for infringement of the right of publicity. When the imposition of liability turns on the truth or falsity of the defendant's statements, the defendant is also entitled to the constitutional safeguards that have been incorporated into the law of defamation and false light

privacy.

**Illustrations:**

5. A is a well-known actress. B, a magazine publisher, places a photograph of A on the cover of an issue of the magazine. An article about A, consisting of several photographs and brief commentary, is included in the magazine. One of the photographs is taken from a scene in a recent movie in which A appeared partially unclothed. B has not infringed A's right of publicity.

6. A is the subject of an unauthorized biography published by B. The biography is entitled "A" and contains a photograph of A on the dust jacket. The biography contains numerous false statements concerning facts and incidents in A's life. B has not infringed A's right of publicity. Whether B is subject to liability to A for the false statements contained in the biography is determined under the rules governing liability for defamation or invasion of privacy by placing another in a false light.

*d. Limits of liability.* The right of publicity has been extended in a few cases beyond advertising and merchandising uses to other substantial appropriations of a person's identity. Liability has been imposed, for example, in connection with an unauthorized broadcast of the plaintiff's performance or a sustained imitation of the plaintiff's performing style or performing persona that is marketed by the defendant as a simulation of the plaintiff's performance. If the defendant's appropriation falsely suggests the participation or endorsement of the plaintiff, liability may be imposed under the rules prohibiting deceptive marketing. See § 4. If the defendant has appropriated a work of authorship owned by the plaintiff, liability may be imposed for an infringement of federal statutory or state common law copyright. See § 38, Comment d. Broader restrictions on the use of another's identity in entertainment, news, or other creative works threaten significant public and constitutional interests. In an effort to balance the personal and proprietary interests recognized by the right of publicity with the public interests in free expression and in the creation of original works, some courts have engaged in an analysis analogous to the determination of fair use in copyright law. The substantiality and market effect of the appropriation have been analyzed in light of the informational or creative content of the defendant's use. In cases of imitation, the public interest in competition and in avoiding the monopolization of successful styles, together with the interest in the production of new works including parody and satire, will ordinarily outweigh any adverse effect on the plaintiff's market. When the defendant's appropriation consists, not of an imitation, but of an unauthorized broadcast or other reproduction of an actual performance by the plaintiff, the greater likelihood of commercial injury to the plaintiff and the reduced public interest in permitting the use may justify relief in exceptional circumstances. Since the personal and proprietary interests underlying the right of publicity (see § 46, Comment c) diminish after death, more substantial appropriations may be permissible after the death of the identified person even in jurisdictions in which the right is descendible. Statutes in some states can be interpreted to permit the use of another's identity in news reporting or other specified works without regard to the substantiality of the use or its effect on the plaintiff.

**Illustrations:**

7. B, the operator of a television station, broadcasts on its local news program a videotape of a "human cannonball" act performed by A, with favorable commentary. The videotape was made despite A's objection at one of a series of performances by A scheduled throughout the duration of the local county fair. The broadcast by B includes A's entire performance. A court may properly conclude in light of the substantiality and likely market effect of the appropriation that B is subject to liability to A for infringement of A's right of publicity under the rule stated in § 46.

8. The facts being otherwise as stated in Illustration 7, the broadcast by B occurs two years after A's death as part of a feature story on the history of the county fair. A's right of publicity is owned by A's son, C. A court may properly conclude in light of the absence of any injury to the personal interests of A and the minimal market effect of the appropriation on C that B is not subject to liability to C.

*e. Liability of retailers and publishers.* A retailer or distributor of merchandise that infringes a person's right of publicity has used the appropriated identity "for purposes of trade" under the rule stated in § 46. As in the case of retailers and distributors of goods that infringe another's trademark (see § 36, Comment k), such persons are subject to liability for infringement of the right of publicity without regard to their knowledge or intent. See § 46, Comment e. However, the absence of an intent to infringe on the plaintiff's publicity rights remains relevant in determining appropriate relief. See § 49, Comment c.